**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSUE ALEXANDER ORELLANA-ORELLANA, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 09-72564 <br><br> Agency No. A099-663-574 <br><br> MEMORANDUM<sup>*</sup> |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 8, 2010<sup>**</sup>
Seattle, Washington

Before: THOMAS and M. SMITH, Circuit Judges, and COLLINS, District Judge.<sup>***</sup>

Substantial evidence supports the conclusion by the Board of Immigration

Appeals ("BIA") that Orellana-Orellana did not suffer past persecution on account

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

of political opinion.  The BIA found no evidence that he "openly expressed his disagreement with gang ideology or voiced anti-gang beliefs to any gang in El Salvador" or that he "participated in anti-gang activities."  *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (holding that resistance to gang violence in El Salvador does not constitute a political opinion, absent evidence that the resistance was politically motivated).  The record supports the finding.

The BIA did not err in concluding that Orellana-Orellana failed to establish that he had a well-founded fear of future persecution on account of his membership in a social group, namely, Salvadorans who refused gang membership, but were forcibly recruited, and fled El Salvador.  *See Santos-Lemus*, 542 F.3d at 745-46 (holding that "young Salvadoran men who resist gang violence and intimidation" are not a particular social group); *Arteaga v. Mukasey*, 511 F.3d 940, 945 (9th Cir. 2007) ("'Tattooed gang member' falls outside the Ninth Circuit's definition of social group.").

Substantial evidence supports the BIA's conclusion that Orellana-Orellana is not likely to suffer future persecution on account of his membership in his stepmother's family.  The record contains no evidence that the gang knew of his relation to his stepmother or that they targeted his extended family.

Finally, substantial evidence supports the BIA's conclusion that Orellana-Orellana does not face a clear probability of torture by or with the acquiescence of the Salvadoran government upon his return, particularly given that he did not report threats or mistreatment to the police. *See Santos-Lemus*, 542 F.3d at 748 (denying protection under the Convention Against Torture where the petitioner failed to report gang violence to the police).

**PETITION DENIED.**